IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMEY IERY,

    Plaintiff, : Case No. 3:16-cv-158

v. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, : MAGISTRATE JUDGE
     MICHAEL J. NEWMAN
Acting Commissioner of the :
Social Security Administration,
    :
    Defendant. :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART MOTION FOR VOLUNTARY REMAND OF NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION (DOC. #11); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF TAMEY IERY AND AGAINST THE COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR AN IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff Tamey Iery ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On November 16, 2016, the Commissioner filed a Motion to Remand ("Motion"), moving that the Court enter judgment in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled from January 2007 through September 2011, and remanding the captioned

cause to the Commissioner for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #11, PAGEID #73. Plaintiff, in her memorandum *contra*, agrees that the decision of the Commissioner's Administrative Law Judge ("ALJ") should be reversed, but argues that "this case be remanded for the payment of benefits for the closed period of time[,]" as "the ALJ's decision is clearly in error . . . , and there has been significant delays in this case that have imposed a hardship upon Ms. Iery." Doc. #12, PAGIED #80.

Remand to the Commissioner for an immediate award of benefits is only appropriate "where the proof of disability is overwhelming or where the proof of disability was strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Nonetheless, the instant case meets that high standard. In so ruling, the Court makes the following, non-exclusive observations:

Plaintiff filed her initial applications for disability benefits "on April 30, 2002, alleging a disability onset date of June 1, 1999[.]" Doc. #12, PAGEID #78 (citing Tr. 84, 698). "This case has been remanded three times and . . . has had five hearings and four ALJs' decisions." *Id.*, PAGEID #79. The length of time that Plaintiff's claim has been pending, and the fact that the Commissioner has had numerous opportunities to fix the record and issue a decision supported by substantial evidence, but has failed to do so, weigh heavily in favor of remanding the case for an award of benefits. *See Donahue v. Massanari*, 166 F. Supp. 2d 1143, 1149-50 (E.D. Mich. 2001) (emphasis added) (internal quotation marks omitted) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 101, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)) (The Congressional policy behind amendments to sentence six of 42 U.S.C. § 405(g) "was to speed up the judicial process so that these cases would not just go <u>on and</u>

<u>on and on</u>[,]" and that purpose "can help to inform this Court's judgment under sentence four in a case where the Commissioner has already been provided an opportunity to correct an error and years have passed and <u>there are still errors in the administrative record</u>.").

Plaintiff notes in her Statement of Errors, and the Commissioner concedes in her motion, that the ALJ erred in weighing the opinions of Plaintiff's treating mental health professionals vis-à-vis that of the Commissioner's record-reviewing psychologist. Doc. #9, PAGEID #61-62; Doc. #11, PAGEID #74. Further, the ALJ appears to have erred in her analysis of Plaintiff's activities of daily living in concluding that Plaintiff was not disabled from January 26, 2007, through September 2, 2012 (the "Closed Period"). Doc. #9, PAGEID #61-62. For instance, in the most recent ALJ decision, the ALJ cited the fact that Plaintiff was in a long-term relationship as evidence that her mental impairments were not so severe as to render her incapable of sustaining full-time employment during the Closed Period. Yet, Plaintiff was in the same long-term relationship when a previous ALJ concluded that Plaintiff was disabled prior to the Closed Period. Doc. #9, PAGEID #61-62 (citations omitted). These errors in areas of law and logic, along with the length of Plaintiff's case, lead the Court to conclude that remanding the captioned cause for rehearing is unlikely to yield an improved analysis such that further delay is justified.

Finally, it is undisputed "that Plaintiff again became disabled on September 3, 2012, pursuant to the Medical Vocational Guidelines, based on her [Residual Functional Capacity ('RFC')] and age classification." Doc. #11, PAGEID #73-74 (citing Tr. 788, 791-93). Thus, Plaintiff's RFC was so restricted that the Plaintiff merely turning fifty years of age, and thus, going from being classified as a "younger individual" to an individual

3

"rapidly approaching advanced age," was enough to render her disabled as of September 3, 2012. Tr. 791-93. Given the ALJ's errors in weighing the medical evidence of Plaintiff's treating mental health professionals, it is inconceivable to this Court that, upon remand, the Commissioner would not conclude that evidence supporting a finding of disability is overwhelming. *Faucher*, 17 F.3d at 176. Thus, remand for an immediate award of benefits is the appropriate cause of action.

WHEREFORE, based upon the aforesaid, this Court SUSTAINS IN PART AND OVERRULES IN PART the Commissioner's Motion to Remand. Doc. #11. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

July 25, 2017

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT